Brent H. Blakely (SBN 157292)
bblakely@blakelylawgroup.com
Cindy Chan (SBN 247495)
cchan@blakelylawgroup.com
Jessica C. Covington (SBN 301816)
jcovington@blakelylawgroup.com
BLAKELY LAW GROUP
1334 Parkview Avenue, Suite 280
Manhattan Beach, California 90266
Telephone: (310) 546-7400
Facsimile: (310) 546-7401

*Attorneys for Plaintiff*
*Deckers Outdoor Corporation*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DECKERS OUTDOOR CORPORATION, a Delaware Corporation,<br><br>   Plaintiff,<br><br>   v.<br><br>RELIABLE KNITTING WORKS, a Wisconsin Corporation; and DOES 1-10, inclusive,<br><br>   Defendant. | CASE NO.<br><br>**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF FOR PATENT INFRINGEMENT – U.S. PATENT NO. D500,400**<br><br>**JURY TRIAL DEMANDED** |

**Plaintiff Deckers Outdoor Corporation** for its claim against **Defendant Reliable Knitting Works** ("Defendant") respectfully alleges as follows:

### JURISDICTION AND VENUE

1.   Plaintiff files this action against Defendant for patent infringement arising under the patent laws of the United States.  This Court has subject matter jurisdiction over the claims alleged in this action pursuant to 28 U.S.C. §§ 1331, 1338.

2.   This Court has personal jurisdiction over Defendant because Defendant does business within this judicial district.

3.   This action arises out of wrongful acts by Defendant within this judicial district and Plaintiff is located and has been injured in this judicial district by

Defendant's alleged wrongful acts. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because the claims asserted arise in this district.

## THE PARTIES

4. Plaintiff Deckers Outdoor Corporation ("Deckers") is a corporation organized and existing under the laws of the state of Delaware with an office and principal place of business in Goleta, California. Deckers designs and markets footwear identified by its many famous trademarks including its UGG® trademark.

5. Upon information and belief, Defendant is a corporation organized and existing under the laws of the state of Wisconsin with an office and principal place of business located at 6737 W. Washington, Suite 3200, Milwaukee, Wisconsin 53214.

6. Deckers is unaware of the names and true capacities of Defendants, whether individual, corporate and/or partnership entities named herein as DOES 1 through 10, inclusive, and therefore sues them by their fictitious names. Deckers will seek leave to amend this complaint when their true names and capacities are ascertained. Deckers is informed and believes and based thereon alleges that said Defendant and DOES 1 through 10, inclusive, are in some manner responsible for the wrongs alleged herein, and that at all times referenced each was the agent and servant of the other Defendant and was acting within the course and scope of said agency and employment.

7. Deckers is informed and believes, and based thereon alleges, that at all relevant times herein, Defendant and DOES 1 through 10, inclusive, knew or reasonably should have known of the acts and behavior alleged herein and the damages caused thereby, and by their inaction ratified and encouraged such acts and behavior. Deckers further alleges that Defendant and DOES 1 through 10, inclusive, have a non-delegable duty to prevent or not further such acts and the behavior described herein, which duty Defendant and DOES 1 through 10, inclusive, failed and/or refused to perform.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

### A.  Deckers' UGG® Brand

8.  Deckers has been engaged in the design, distribution, marketing, offering for sale, and sale of footwear since 1975.  Deckers owns several brands of footwear including UGG®, Koolaburra®, Teva®, Sanuk®, and Hoka One One®.

9.  Deckers' UGG® brand remains one of the most recognized and relevant comfort shoe brands in the industry.  Since 1978, when the UGG® brand was founded, the popularity of UGG® boots has steadily grown across the nation and even the globe. The UGG® brand has always been and remains highly coveted by consumers. This commitment to quality has helped to propel the UGG® brand to its current, overwhelming level of popularity and cemented its status as a luxury brand.

10.  It has now been sixteen years since UGG® boots were first featured on Oprah's Favorite Things® in the year 2000, and Oprah emphatically declared on national television how much she "LOOOOOVES her UGG boots." The popularity of UGG® brand footwear has grown exponentially since then with celebrities including Kate Hudson and Sarah Jessica Parker among a myriad of others regularly donning them.  UGG® sheepskin boots have become a high fashion luxury item and can be found on fashion runways around the world.

11.  Deckers' UGG® products are distributed and sold to consumers through authorized retailers throughout the United States at point-of-sale and on the Internet, including through its UGG® Concept Stores and its website www.ugg.com.

### B.  Defendant's Infringing Activities

12.  Upon information and belief, Defendant manufactures, designs, advertises, markets, distributes, offers for sale, and/or sells footwear and/or slippers for men, women, and children under the brand name "MUK LUKS."  Defendant supplies its products to various retailers, including those within this judicial district.  Defendant also offers footwear and/or slippers through its online retail store, www.muk-luks.com.

3
**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

13. The present lawsuit arises from Defendant's willful infringement of Deckers' "Essential Outsole" design, to which Deckers owns design patent rights, by certain of Defendant's slipper products ("Accused Products"), an example of which is shown below.



***Defendant's Accused Product***

14. Deckers is informed and believes and herein alleges that Defendant is a competitor and has copied Deckers' outsole design in an effort to exploit Deckers' reputation in the market.

15. Upon information and belief, Defendant may have sold additional products that infringe upon intellectual property owned by Deckers. Deckers may seek leave to amend as additional information becomes available through discovery.

16. Deckers has not granted a license or any other form of permission to Defendant with respect to its trademarks, design patents, trade dresses, or other intellectual property.

17. Deckers is informed and believes and herein alleges that Defendant has acted in bad faith and that Defendant's acts have misled and confused and were intended to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant's Accused Products with Deckers, or as to the origin, sponsorship, or approval of Defendant's Accused Products by Deckers.

## FIRST CLAIM FOR RELIEF

### (Patent Infringement - U.S. Patent No. D500,400)

18. Deckers incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

19. Deckers is the owner of numerous design patents to the various styles of footwear and/or slippers it offers under its UGG® brand. These design patents include but are not limited to outsole designs, one of which is the "Essential Outsole," U.S. Patent No. D500,400 (issued on January 4, 2005), a true and correct copy of which is attached hereto and incorporated herein as <u>Exhibit A</u> (" '400 Patent").

20. Deckers is the owner by assignment of all right, title and interest in and to the '400 Patent.

21. Defendant has used, caused to be produced, distributed, advertised, marketed, offered for sale, sold within the United States, and/or has imported into the United States slippers that bear an outsole substantially similar to the '400 Patent in direct violation of 35 U.S.C. § 271. An example of the Accused Product is shown at the far right of the '400 Patent drawing and an authentic UGG® slipper featuring the registered outsole design below:

    

**Design Patent D500,400**   **Authentic UGG® Slipper Featuring Essential Outsole**   **Infringing Outsole Design on Defendant's Accused Products**

22. Defendant's aforesaid infringing acts are without Deckers' permission or authority and are in total disregard of Deckers' right to control its intellectual property.

**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

23. As a direct and proximate result of Defendant's infringing conduct, Deckers has been injured and will continue to suffer injury to its business and reputation unless Defendant is restrained by this Court from infringing Deckers' '400 Patent.

24. Defendant's acts have damaged and will continue to damage Deckers, and Deckers has no adequate remedy at law.

25. Deckers marks all footwear products embodying the design of the '400 Patent with "Pat. No. D500,400" on a product label in compliance with 35 U.S.C. § 287.

26. Given the widespread popularity and recognition of Deckers' UGG® products and the patent notice provided on the products themselves, Deckers avers and hereon alleges that Defendant had pre-suit knowledge of Deckers' rights to the '400 Patent and has intentionally copied said design on its own brand of products in an effort to pass them off as if they originated, are associated with, are affiliated with, are sponsored by, are authorized by, and/or are approved by Deckers.

27. On information and belief, Defendant's acts herein complained of constitute willful acts and intentional infringement of the '400 Patent.

28. In light of the foregoing, Deckers is entitled to injunctive relief prohibiting Defendant from infringing the '400 Patent and to recover damages adequate to compensate for the infringement, including Defendant's profits pursuant to 35 U.S.C. § 289. Deckers is also entitled to recover any other damages as appropriate pursuant to 35 U.S.C. § 284.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Deckers Outdoor Corporation respectfully prays for judgment against Defendant Reliable Knitting Works as follows:

1. A Judgment that Defendant has infringed Deckers' '400 Patent and that said infringement was willful;

2. An order granting temporary, preliminary and permanent injunctive relief

restraining and enjoining Defendant, its agents, servants, employees, officers, associates, attorneys, and all persons acting by, through, or in concert with any of them from using Deckers' intellectual property, including, but not limited to:

    a.    manufacturing, importing, advertising, marketing, promoting, supplying, distributing, offering for sale, or selling the Accused Products or any other products bearing designs that infringe upon the '400 Patent and/or the overall appearance thereof;

    b.    committing any other act which falsely represents or which has the effect of falsely representing that the goods and services of Defendant are licensed by, authorized by, offered by, produced by, sponsored by, or in any other way associated with Deckers;

3.    Ordering Defendant to recall from any distributors and retailers and to deliver to Deckers for destruction or other disposition all remaining inventory of all Accused Products and related items, including all advertisements, promotional and marketing materials therefore, as well as means of making same;

4.    Ordering Defendant to file with this Court and serve on Deckers within thirty (30) days after entry of the injunction a report in writing, under oath setting forth in detail the manner and form in which Defendant has complied with the injunction;

5.    Ordering an accounting by Defendant of all gains, profits and advantages derived from their wrongful acts pursuant to 35 U.S.C. § 289;

6.    Awarding Deckers all of Defendant's profits and all damages sustained by Deckers as a result of Defendant's wrongful acts, and such other compensatory damages as the Court determines to be fair and appropriate;

7.    Awarding treble damages in the amount of Defendant's profits or Deckers' damages, whichever is greater, for willful infringement;

8.    Awarding applicable interest, costs, disbursements and attorneys' fees;

/ / /

/ / /

9. Such other relief as may be just and proper.

Dated: September 14, 2016     BLAKELY LAW GROUP

By: _____
Brent H. Blakely
Cindy Chan
Jessica C. Covington
*Attorneys for Plaintiff*
*Deckers Outdoor Corporation*

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff Deckers Outdoor Corporation hereby demands a trial by jury as to all claims in this litigation.

Dated: September 14, 2016     BLAKELY LAW GROUP

By: _____
Brent H. Blakely
Cindy Chan
Jessica C. Covington
*Attorneys for Plaintiff*
*Deckers Outdoor Corporation*

# EXHIBIT A



US00D500400S

| (12) | **United States Design Patent** | (10) Patent No.: | **US D500,400 S** |
|---|---|---|---|
| | Le | (45) Date of Patent: ** | **Jan. 4, 2005** |

(54) **PORTION OF AN ARTICLE OF FOOTWEAR**

(75) Inventor: **Tuan Le**, Portland, OR (US)

(73) Assignee: **Deckers Outdoor Corporation**, Goleta, CA (US)

(**) Term: **14 Years**

(21) Appl. No.: **29/203,666**

(22) Filed: **Apr. 15, 2004**

(51) **LOC (7) Cl.** .................................................. **02-04**
(52) **U.S. Cl.** ............................................ **D2/957**; D2/959
(58) **Field of Search** ........................ D2/947, 950–957, D2/959, 960; 36/3 B, 22 R, 25 R, 30 R, 32 A, 32 R, 35 R, 59 R, 59 C, 67 A, 67 B, 7.6, 7.7, 24.5, 114, 37

(56) **References Cited**

U.S. PATENT DOCUMENTS

| D61,017 S | | 5/1922 | Heilhecker | |
| D257,647 S | * | 12/1980 | Combaret | D2/953 |
| D257,799 S | * | 1/1981 | Combaret | D2/955 |
| D284,519 S | * | 7/1986 | Braga et al. | D2/951 |
| D286,342 S | | 10/1986 | Stubblefield | D2/320 |
| D295,113 S | | 4/1988 | Zuidema et al. | D2/320 |
| D298,483 S | | 11/1988 | Liggett et al. | D2/320 |
| 4,897,936 A | | 2/1990 | Fuerst | 36/30 |
| D364,265 S | | 11/1995 | Murray | D2/951 |
| D377,411 S | * | 1/1997 | Murray | D2/953 |
| D387,891 S | | 12/1997 | Vestuti | D2/959 |
| D395,743 S | * | 7/1998 | Ryan | D2/960 |
| D398,745 S | | 9/1998 | Cass | D2/954 |
| D401,396 S | | 11/1998 | Kayano | D2/954 |
| D402,446 S | | 12/1998 | Kelchak | D2/952 |
| D415,339 S | | 10/1999 | Rombis | D2/960 |
| D424,287 S | | 5/2000 | Edwards | D2/957 |
| D468,518 S | | 1/2003 | Sedlbauer | D2/959 |
| D470,296 S | * | 2/2003 | Masullo | D2/952 |
| D471,347 S | * | 3/2003 | Haas et al. | D2/953 |
| D472,037 S | * | 3/2003 | Masullo | D2/953 |
| D473,698 S | * | 4/2003 | St-Louis | D2/957 |

* cited by examiner

*Primary Examiner*—Celia A. Murphy
(74) *Attorney, Agent, or Firm*—Greer, Burns & Crain, Ltd.

(57) **CLAIM**

The ornamental design for a portion of an article of footwear, as shown and described.

**DESCRIPTION**

FIG. **1** is a bottom perspective view of a portion of an article of footwear showing my new design;
FIG. **2** is a bottom plan view thereof;
FIG. **3** is a right side elevational view thereof;
FIG. **4** is a left side elevational view thereof;
FIG. **5** is a front elevational view thereof; and,
FIG. **6** is a rear elevational view thereof.

The broken line illustration is not part of the design sought to be patented.

The broken-line rectangle in FIGS. **1 & 2** forms the boundary of the design. The broken lines and the area within, form no part of the claim.

**1 Claim, 5 Drawing Sheets**



**U.S. Patent**    Jan. 4, 2005    Sheet 1 of 5    **US D500,400 S**



FIG. 1



FIG. 2



FIG. 3

**U.S. Patent**  Jan. 4, 2005  Sheet 4 of 5  **US D500,400 S**



FIG. 4



FIG. 6



FIG. 5